**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEREMY BOYD,** *Plaintiff,* v. **TYE TRIBBETT, et al.,** *Defendants.* | **Civil Action No. 14-5671** **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

This matter comes before the Court by way of defendants Tye Tribbett ("Tribbett"), Tye Tribbett Worldwide, LLC ("TTW"), Motown Gospel ("Motown"), and Capitol Christian Music Group, Inc.'s ("CCMG") (collectively, "Defendants") partial motion to dismiss plaintiff Jeremy Boyd's ("Plaintiff") Complaint.[1] See Dkt. No. 10. For the reasons set forth herein, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.[2]

[1] The Court notes that Defendants' attorney, James W. Bolan III, Esq., initially identified himself as representing a different group of defendants, including Brandon Jones. See Dkt. No. 3. Mr. Bolan has subsequently stated that he represents all defendants except Mr. Jones, and Mr. Jones is not a moving party in the instant motion. Mr. Bolan is hereby **ORDERED**, within **14 days**, to provide the Court written clarification as to whether he represents Mr. Jones in this case.

[2] In Plaintiff's opposition brief, Plaintiff requests leave to file a motion to amend the Complaint. Plaintiff's cross-motion is procedurally improper as he has failed to file a notice of motion or attach the proposed amended complaint for the Court's review. See Assoc. of N.J. Rifle & Pistol Clubs, Inc. v. Port Auth. of N.Y. & N.J., 2010 WL 2342558, at *2 (D.N.J. June 7, 2010). Thus, Plaintiff's motion to amend is denied without prejudice.

## II. Background

This matter involves the composition, production, and distribution of two songs: (1) "Same God" and (2) "You Are Everything." See Compl. ¶ 1.

In January 2012, Tribbett and Plaintiff discussed the possibility of Plaintiff creating, producing, and/or writing musical compositions to be used by Tribbett in an upcoming concert. Id. ¶ 21. Tribbett also informed Plaintiff that these compositions might be included on a then-upcoming live album. Id. In January 2013, Plaintiff and Tribbett's recording company, TTW, entered into a co-producer agreement (the "Agreement") for "Same God." Id. ¶ 23. In the Agreement, Plaintiff, who is referred to as a "Co-Producer," agreed to "perform Record production services and produce one (1) Master(s) for inclusion, at Employer's election" on Tribbett's album. See Agreement ¶ 2, attached as Ex. 6 to Zakarin Decl. Plaintiff was to be paid $1,500.00 for his services. Id. ¶ 3. The Agreement also limited Plaintiff's ownership rights. First, as to Plaintiff's rights to the recording, the Agreement provides:

> Each Master made under this Agreement, from the inception of recording, will be considered a work made for hire for Employer. If any such Master(s) is deemed not to be a work made for hire, all rights, title and interest in the Master(s) which are attributable to the Co-Producer's participation in its authorship will be deemed transferred to Employer by this Agreement and this Agreement may be filed with the Register of Copyright as an official transfer of copyright if such be necessary. All Master(s) made under this Agreement, from the inception of recording and Records derived therefrom, shall be the sole property of Employer, free from any claims whatsoever by Co-Producer or any other person; and Employer shall have the exclusive right to claim ownership of and register the copyright to those Master(s) in his name as the owner and author of them and to secure any and all renewals and extensions of such copyright throughout the world.

Id. ¶ 4. Separately, the Agreement provided that Plaintiff's entitlement to royalties was limited to 75% of the minimum statutory compulsory license rate. Id. ¶ 7.

The Agreement also provided that Plaintiff must be provided "appropriate production and songwriting credit." Id. ¶ 6. The Agreement, however, limited Plaintiff's remedy for any violation of this provision:

> If Employer fails to comply with this clause in any instances the sole obligation to Co-Producer by reason of such failure by Employer shall be for Employer to use Employer's best efforts to rectify the error in all such materials prepared after Employer's receipt of notice of this failure by Employer. No inadvertent failure by Employer to satisfy the credit obligation set forth herein shall be deemed a breach of this Agreement.

Id. "Same God" was used by Tribbett on his album "Greater Than." Compl. ¶ 26. Plaintiff claims Tribbett and TTW breached the Agreement by failing to: (1) pay Plaintiff $1,500 for his services; (2) provide Plaintiff production credit; and (3) pay Plaintiff any royalties. Id. ¶ 34.

While he was creating "Same God," Plaintiff claims that he "created other musical compositions including ['You Are Everything']". Id. ¶ 27. Plaintiff does not, however, allege that he was the sole composer/writer, but instead claims that Defendants "embodied" the song on the "Greater Than" album by "combin[ing] the show track (embodying Plaintiff's original elements) with a replay of other portions of Plaintiff's original works." Id. ¶¶ 29, 44. Plaintiff claims that Defendants have failed to provide Plaintiff any production credit for the song, royalties, and an authoring fee. Id. ¶¶ 32, 47.

Defendant Brandon Jones was identified as the producer for both "Same God" and "You Are Everything." Id. ¶ 35-36. Jones received a Grammy award based upon this credit. Id. ¶ 38. Plaintiff claims that Jones accepted this award even though Jones knew that Plaintiff "was the composer, producer, creator and/or author" of the songs. Id. ¶ 40.

The "Greater Than" album was distributed by Motown. Plaintiff avers that he has on several occasions informed Motown that he produced "Same God" and "You Are Everything"

and while Motown has acknowledged Plaintiff's role in the songs' creation, it has nonetheless failed to remedy the problem. Id. ¶¶ 52-62. Plaintiff further claims that in March 2014, Tibbett's counsel, Garrett Johnson, Esq., confirmed in writing that Plaintiff was a producer on these tracks. Id. ¶ 64. While Motown promised that it would issue a "Grammy certificate" for his efforts, he has yet to receive this document. Id. ¶ 69.

Finally, Plaintiff asserts that "Same God" was released on "Wow Gospel," a compilation album. Id. ¶ 66. Again, Plaintiff did not receive production credit on this album. Id.

Plaintiff has brought six causes of action: (1) breach of the Agreement by TTW; (2) fraudulent inducement of services against Tribbett and TTW; (3) unjust enrichment against Tribbett, TTW, and Jones; (4) an accounting against Tribbett and/or TTW; (5) direct copyright infringement against all defendants; and (6) contributory copyright infringement against all defendants.

## III. CCMG AND MOTOWN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

CCMG and Motown move to dismiss the Complaint based upon the Court's lack of personal jurisdiction. At the outset, the Court notes that CCMG has asserted that Motown is not a separate corporate entity, but instead a "d/b/a" for CCMG. Plaintiff does not dispute this assertion. Thus, the Court's analysis is the same for both defendants.

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure allows a federal district court to "exercise[] personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007); see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). Normally, this is a two-part inquiry; there must be a state statutory basis for exercising jurisdiction over a non-resident defendant as well as a constitutional basis whereby the minimum contacts between the non-resident and the forum state satisfy due process under the

Fourteenth Amendment. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). New Jersey's long-arm rule, however, extends jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); see also N.J. Ct. R. 4-4(b)(1); YA Global Inv., L.P. v. Cliff, 419 N.J. Super. 1, 8 (App. Div. 2011) (citing Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971)). Therefore, in New Jersey, inquiry into whether personal jurisdiction exists over a non-resident defendant concerns only questions of due process under the Constitution. Carteret, 954 F.2d at 145.

In the context of a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits. Metcalfe, 566 F.3d at 330; see also Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) (explaining that, unlike a motion for failure to state a claim, a plaintiff may not rely on pleadings alone for contests of personal jurisdiction). In that context, a plaintiff's burden of proof depends on whether an evidentiary hearing is held. Metcalfe, 566 F.3d at 330–31; see also Lasala v. Marfin Popular Bank Pub. Co., 410 F. App'x 474, 476 (3d Cir. 2011). If a court conducts an evidentiary hearing, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. Carteret, 954 F.2d at 142 n.1, 146; see also Lasala, 410 F. App'x at 476. If no evidentiary hearing takes place, a plaintiff need only offer a prima facie case for personal jurisdiction, and a court must accept a plaintiff's allegations as true and construe disputed facts in its favor. O'Connor, 496 F.3d at 316 (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)); see also id. at 323 (stating that "[w]e accept [plaintiff's jurisdictional] statement as true because the District Court held no evidentiary hearing); Lasala, 410 F. App'x at 476–77.

Personal jurisdiction may be exercised under two distinct theories: general jurisdiction or specific jurisdiction. O'Connor, 496 F.3d at 317. In his opposition brief, Plaintiff advances only a specific jurisdiction theory. See Pl. Opp'n Br., at 15

In the Complaint, Boyd alleges:

> This Court has personal jurisdiction over all Defendants because Defendants: (i) solicit, transact and conduct business in the State of New Jersey and in this District and are regularly doing or soliciting business or engaging in a persistent course of conduct in this State and in this District; (ii) receive substantial revenue from the State of New Jersey and the unlawful and/or illegal conduct alleged in the Complaint occurred in the State of New Jersey and within this District; (iii) expect or reasonably should expect their conduct to have consequences in the State of New Jersey; (iv) directly or indirectly infringed Plaintiff's copyrights in and to the Subject Compositions in the State of New Jersey and in this District; and (v) have caused harm to Plaintiff in the State of New Jersey and throughout the United States.

Compl. ¶ 10.

In support of its motion to dismiss, CCMG submits the sworn statement of Terri Nolan, Esq., who is "manager of business affairs" at CCMG. See Nolan Decl. ¶ 1. Mr. Nolan asserts that CCMG is incorporated in California and its principal place of business is in Tennessee. Id. ¶ 3. Mr. Nolan further states that CCMG does not maintain any offices or employees in New Jersey, does not have any bank accounts or real property in the State, and does not specifically target the New Jersey market for sales or advertisements. Id. ¶¶ 4-7. Finally, Mr. Nolan asserts that CCMG's website is "passive," in that no purchases may be made on the website. Id. ¶ 8. Because Plaintiff does not provide any affidavits or other evidence to contradict Mr. Nolan's assertions, he has failed to provide a *prima facie* case of jurisdiction based upon CCMG's economic contacts. See Lottotron, Inc. v. Athila Station, 2011 WL 2784570, at *2 (D.N.J. July 11, 2011); see also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. Del. 1995)

("When a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.").

Plaintiff also asserts that CCMG's "illegal conduct" occurred in New Jersey. Id. But, Plaintiff does not allege what these actions were. In fact, Mr. Nolan asserted in his declaration that CCMG does not have any employees in New Jersey. Therefore, Plaintiff's bare bones allegations of "illegal conduct" are insufficient to establish jurisdiction over CCMG.

Finally, Plaintiff argues CCMG's intentional conduct caused him harm in New Jersey. In Calder v. Jones, 465 U.S. 783 (1984), the Supreme Court established an "effects test" for determining personal jurisdiction over nonresident defendants who allegedly committed an intentional tort outside the forum. In such circumstances, a court may exercise personal jurisdiction over a non-resident defendant when:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Remick v. Manfredy, 238 F.3d 248, 258 (3d Cir. 2001). Here, Plaintiff has failed to satisfy the second and third elements of the Calder effects test. Plaintiff is not a resident of New Jersey and has not explained why, notwithstanding his residence in another state, the "brunt of the harm" was felt in New Jersey. See Compl. ¶ 9. In fact, Plaintiff specifically alleges that Defendants actions "have caused harm to Plaintiff in the State of New Jersey and throughout the United

States." Id. ¶ 10. Similarly, the Complaint is devoid of any allegations that CCMG's conduct was aimed at New Jersey.

Plaintiff's specific allegations regarding his and his managers' communications with CCMG do not provide this Court with jurisdiction either. In his Complaint and affidavit, Plaintiff alleges that on several occasions his managers contacted CCMG about Plaintiff's involvement in creating "Same God" and "You Are Everything." See Compl. ¶¶ 52-73; see also Boyd Aff. ¶¶ 9-17. Plaintiff also alleges that he attended a meeting with CCMG in Tennessee. Boyd Aff. ¶¶ 9-17. These allegations, however, do not demonstrate that CCMG ever reached out to Plaintiff in New Jersey, took any action in New Jersey, or knowingly directed its conduct at New Jersey.[3]

## IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In considering a Rule 12(b)(6) motion to dismiss on the pleadings, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint

[3] Plaintiff has not requested jurisdictional discovery. Based upon the record currently before the Court, it appears such discovery would constitute no more than an improper "fishing expedition based only upon bare allegations." LaSala v. Marfin Popular Bank Pub. Co., Ltd., 410 F. App'x 474, 478 (3d Cir. 2011); see also Kinekt Design, LLC v. One Moment In Time, LLC, 2013 WL 3828508, at *2 (D.N.J. July 22, 2013); Vandeveire v. Newmarch, 2013 WL 6054804, at *2 (D.N.J. Nov. 15, 2013); Witasick v. Estes, 2012 WL 3075988, at *7 (D.N.J. July 30, 2012).

will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

**a. Breach of Contract**

As set forth above, Plaintiff alleges that TTW has breached the Agreement by failing to: (1) pay him $1,500[4]; (2) provide him proper production credit; and (3) pay him royalties. See Compl. ¶ 34. Here, TTW argues that Plaintiff's claim of breach and damages are contradicted by the Agreement's terms or other undisputed documents that the Court may consider on a motion to dismiss. See Defs. Br. at 21-22.

Defendant argues that there can be no breach based on failure to provide proper production credit because the Agreement provides that defendants only have to use "best efforts to rectify [any] error," and that no "inadvertent failures" shall be deemed a breach of the Agreement. Thus, in the event that Plaintiff was not provided production credit, TTW's sole

---

4 After Defendants demonstrated that they paid the $1,500 by attachment of the cancelled check to Plaintiff, Plaintiff withdrew his argument that Defendants failed to pay him as per the Agreement. Plaintiff and counsel are cautioned to carefully investigate all claims before making factual assertions, or risk Rule 11 sanctions.

obligation, once TTW received notice of the issue, was to use its best efforts to ensure that Plaintiff would be identified as a producer on all future distributions. This Court disagrees.

Plaintiff alleges "[i]t is undisputed that [TTW] knowingly and falsely identified Defendant JONES, not Plaintiff" as producer on the "Greater Than" album. See Compl. ¶ 35; see also id. ¶ 42. Plaintiff has alleged that TTW's breach of Paragraph 6 was anything but inadvertent. That is all that plaintiff is required to do. Thus, Plaintiff has pled this element of a breach of contract cause of action.

TTW also disputes that Plaintiff is entitled to any damages in the form of royalties. TTW argues that Plaintiff's "production services were provided under the Co-Producer Agreement on a buy-out basis." Defs. Br. at 22. TTW, however, fails to provide any explanation of what this statement means. If Plaintiff was not to be provided royalties, why was Paragraph 7 included in the Agreement? Plaintiff has properly alleged that he is entitled to royalties under the Agreement. Thus, this element is properly pled.

Finally, TTW argues that because Plaintiff asserts that he is a co-author and co-owner of the work, his remedy is limited to an accounting. TTW disputes, however, that Plaintiff is a co-author. Thus, if TTW is correct, Plaintiff cannot obtain an accounting. Therefore, Plaintiff may plead a breach of contract claim in the alternative.

TTW's motion to dismiss Plaintiff's breach of contract claim is denied.

**b. Fraudulent Inducement**

Fraudulent inducement claims are subject to Rule 9(b)'s heightened pleading requirements. UBI Telecom Inc. v. KDDI Am., Inc., 2014 WL 2965705, at *15 (D.N.J. June 30, 2014). "The elements of a fraud claim in New Jersey are (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Id. (quotation and citation omitted).

A fraudulent inducement claim "can be predicated on the promisor having no intention of fulfilling a promise at the time it makes that promise." Id. Allegations of non-performance alone, however, are insufficient to plead a fraudulent inducement claim. Id.

Here, Plaintiff generally alleges that he was promised "verbally and in writing" that he would receive the compensation set forth in the Agreement if he provided the services set forth in the Agreement. Compl. ¶¶ 83. Plaintiff does not, however, provide any detail as to the "who, what, where, and when" of these alleged representations. See Compl. ¶¶ 81-90. Thus, Plaintiff has failed to plead a fraudulent inducement claim with particularity and this claim is dismissed without prejudice.[5]

**c. Copyright Infringement[6]**

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."

---

[5] Plaintiff's reliance on Paragraph 3 of the Complaint is misplaced. This paragraph only provides the date the Agreement was signed, but does not identify the "verbal[]" and written false statements. Furthermore, to the extent Plaintiff's claim is for fraudulent subsequent performance of contractual obligations, this claim must be dismissed as duplicative. See DirecTech Del., Inc. v. Allstar Satellite, Inc., 2010 WL 1838573, at *6 (D.N.J. May 6, 2010) ("The courts in this District appear to distinguish between actions for 'fraudulent inducement extraneous to the contract,' which can be maintained alongside the breach of contract action, and actions alleging 'fraud in its subsequent performance,' which are subsumed in the contract claim."); UBI Telecom, 2014 WL 2965705, at *16 ("While courts have indeed recognized fraudulent inducement claims as distinct from contract claims, this area of the law is not entirely settled, and it is only when the alleged precontractual misrepresentation is 'extraneous' or 'extrinsic' to the contract that the fraud-based claim can properly proceed.").

[6] As the Court has determined it lacks personal jurisdiction over CCMG, the Court limits its analysis to Plaintiff's claim against Tribbett and TTW.

Winstead v. Jackson, 2011 WL 4407450, at *2 (D.N.J. Sept. 20, 2011), aff'd, 509 F. App'x 139 (3d Cir. 2013).

Defendants argue Plaintiff's claim for copyright infringement for "Same God" is barred by the work for hire doctrine. The Court agrees. 17 U.S.C. § 201(b) provides:

> In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

The Agreement states that the Master made under the Agreement is a work made for hire. See Agreement ¶ 4, attached as Ex. 6 to Zakarin Decl. When, as here, a work-for-hire contract contains a provision for the payment of royalties and the plaintiff does not seek rescission, the plaintiff cannot bring a claim for copyright infringement and must instead seek relief under a breach of contract claim. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1143 n.7 (9th Cir. 2003). Thus, Plaintiff's copyright infringement claim for "Same God" is barred by the work for hire doctrine.

Defendants also argue that Plaintiff's copyright infringement claims are barred for both songs because Plaintiff does not dispute in his Complaint or affidavit that Tribbett is a co-owner/co-author of "Same God" and "You Are Everything" and Plaintiff has, in fact, recognized Tribbett's authorship/ownership in copyright registrations Plaintiff himself filed. In support, Defendants attach two copyright registrations for the music and lyrics for both songs, which list both Tribbett and Plaintiff as authors and claimants, see Exs. 1, 2 to Zakarin Decl., and a "sound recording and music" copyright registration for "You Are Everything, et al.," in which Tribbett and Plaintiff are listed as authors and claimants. See Ex. 3 to Zakarin Decl. Plaintiff does not

dispute the authenticity of these documents,[7] but instead argues that when he filed these registrations he believed he would be compensated for "Same God" under the Agreement and that he would receive production credit and monetary compensation for his role in creating "You Are Everything." See Pl. Opp'n Br. at 22-24.

One copyright owner/author cannot maintain a copyright infringement claim against a co-author/co-owner. See Brownstein v. Lindsay, 742 F.3d 55, 65 (3d Cir. 2014) ("Thus, if Person A writes lyrics to a song and intends for a composer to write the score, Person B who writes the score becomes a co-author in the work."); Marino v. Usher, 22 F. Supp. 3d 437, 443 (E.D. Pa. 2014). Instead, the owner/author's remedy against the co-author/co-owner is an accounting. Neither Plaintiff's Complaint nor affidavit directly state that he is the sole author/owner of "You Are Everything." Instead, Plaintiff asserts that portions of "Plaintiff's original elements" were combined with "other portions of Plaintiff's original works" in the track "You Are Everything" on the album "Greater Than." See Compl. ¶ 31. Plaintiff does not allege that he, alone, composed all of the music and lyrics for "You Are Everything" or that he was the sole producer.[8] Thus, Plaintiff's copyright infringement claim against Tribbett and TTW is dismissed without prejudice.

**d. Unjust Enrichment**

Defendants argue that Plaintiff's unjust enrichment claims are preempted by the Copyright Act. The Court agrees. See Bachner, 2010 WL 3210689, at *6 ("unjust enrichment

---

[7] In fact, Plaintiff admits he filed Exhibit 3. See Boyd Aff. ¶ 3.

[8] Plaintiff's reliance on Carell v. Shubert Organization, Inc., 104 F. Supp. 2d 236 (S.D.N.Y. 2000) is misplaced. In that case, the plaintiff had consistently maintained, both in her copyright registrations and in the litigation, that she was the sole author of some of the copyrightable material.

cannot be pled where it is closely related to a copyright claim and satisfies the following elements: (1) the particular work falls within the type of works protected by the Copyright Act; and (2) the equitable rights asserted that are equivalent to one of the bundle of exclusive rights already protected by copyright law") (internal quotations omitted); Profoot, Inc. v. MSD Consumer Care, Inc., 2012 WL 1231984, at *6 (D.N.J. Apr. 12, 2012); Winstead, 2011 WL 4407450, at *3-4; Nourison Indus., Inc. v. Virtual Studios, Inc., 2010 WL 2483422, at *3 (D.N.J. June 3, 2010); see also CollegeSource, Inc. v. AcademyOne, Inc., 597 F. App'x 116, 128 (3d Cir. 2015) ("Federal courts have routinely held that claims of unjust enrichment are pre-empted under § 106 where the claim rests on an allegation that the defendant has secured a benefit due to the plaintiff under the Copyright Act.").

Furthermore, to the extent Plaintiff's unjust enrichment claim is predicated on rights created by the Agreement, it is duplicative. Suburban Transfer Serv., Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir. 1983) ("Quasi-contract liability will not be imposed, however, if an express contract exists concerning the identical subject matter. The parties are bound by their agreement, and there is no ground for implying a promise as long as a valid unrescinded contract governs the rights of the parties.").

Based upon the foregoing, Plaintiff's unjust enrichment claim against Tribbett and TTW is dismissed without prejudice.

## V. CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART.** An appropriate form of Order shall issue. While the Court's dismissal is without prejudice, Plaintiff is cautioned that if he chooses to renew any of these dismissed claims, he must rectify the pleading deficiencies identified above and comply with Rule 11.

**Dated: July 10, 2015**

***/s Madeline Cox Arleo***
**Hon. Madeline Cox Arleo**
**United States District Judge**